IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KIM DAVIS BECKSTROM,<br><br>　　　　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE AND DENYING MOTION TO AMEND<br><br>Case No. 1:12-cv-226 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Before the Court are two related motions. First, Defendant moves to strike Petitioner's pleading entitled Amended Claims Pursuant to 28 U.S.C. § 2255[1] "because it was filed contrary to the federal Rules of Civil Procedure."[2] Second, in response to Defendant's Motion to Strike, Petitioner has filed a Motion to Amend the petition pursuant to Federal Rule of Civil Procedure Rule 15.[3] The Court heard argument on the motions on Tuesday March 25, 2014. Petitioner was present and represented by Robert Breeze. Defendant was represented by Jeannette Swent. Having considered the parties' arguments, memoranda, and relevant case law, the Court enters the following order GRANTING Defendant's Motion to Strike and Denying Petitioner's Motion to Amend.

---

[1] Docket no. 23.

[2] Mtn. p. 1, docket no. 40.

[3] Docket no. 45; Fed. R. Civ. P. 15.

## BACKGROUND

Petitioner, Kim Davis Beckstrom, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (2255 motion) on October 22, 2012.[4] Petitioner argued in the motion that he received ineffective assistance of counsel based upon an alleged failure to properly advise him of a plea offer before the Court excluded Beckstrom's duress defense.[5] The Government filed a court ordered response on December 10, 2012.[6] In January 2014, the Court appointed counsel for Beckstrom.[7]

On January 22, 2014, Petitioner filed "Amended Claims Pursuant to 28 U.S.C. 2255."[8] Petitioner sought to add the following claims in addition to his original ineffective assistance of counsel claim: (1) failure of his trial counsel to move for appointment of new counsel after Petitioner requested new counsel; (2) failure to request a trial continuance; (3) failure to advise the Court that Petitioner had requested new counsel; and (4) disclosing confidential attorney-client communications in an email to the prosecutor on September 8, 2010.[9] Beckstrom bases these new claims on an email message attached to his motion.[10] Petitioner's counsel failed to seek the consent of the Government and the Court in filing the amended pleadings and the instant motions followed.

---

[4] Docket no. 1, 2255 Motion.

[5] *See id.* at 5; appendix A, docket no. 1-1 ¶¶2-3.

[6] Docket no. 4.

[7] Docket no. 14.

[8] Docket no. 23.

[9] *Id.* at p. 1-2.

[10] Docket no. 23-1.

**DISCUSSION**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."[11] The United States argues that Petitioner's amended claims should be stricken because they were filed more than a year from the Government's response and because Beckstrom failed to comply with Federal Rule of Civil Procedure 15(a)(2). Petitioner admits that he failed to comply with Rule 15 and argues that the Court should overlook his technical violation and allow the amendment. In response to the Government's motion, Petitioner has filed a Motion to Amend pursuant to Rule 15.[12]

The parties also disagree regarding the interpretation of Rule 15's relation back provision. Rule 15 "provides that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"[13] Petitioner asserts that his new claims are timely and relate back to his original pleading. In contrast, the Government argues that the four new claims are untimely because they do not relate back to the date of the original pleading. This case turns on the meaning of Rule 15's relation back provision in the context of 2255 proceedings, the applicable one year statute of limitations and on the interpretation of the standard set forth in the Supreme Court's decision found in *Mayle v. Felix*.[14] Petitioner argues for a broader interpretation of the holding in *Mayle* while the Government argues for a more narrow interpretation of *Mayle* that is consistent with the Tenth Circuit's holding in *Untied States v. Espinoza-Saenz*.[15]

---

[11] Fed. R. Civ. P. 15(a)(2).

[12] Docket no. 45.

[13] *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

[14] *Id.*

[15] 235 F.3d 501 (10th Cir. 2000).

In *Mayle*, the petitioner sought a writ of habeas corpus. The petitioner's motion to amend the petition to add new claims was denied initially, but subsequently allowed by the Ninth Circuit. The Supreme Court analyzed the petitioner's motion under Rule 15's "relation-back provision in the context of federal habeas proceedings and [the requisite] one-year statute of limitations."[16] The Supreme Court stated that the key words in interpreting Rule 15's relation back provision are "conduct, transaction, or occurrence." The Court noted the split in the federal circuits between those that interpreted these words "to allow relation back of a claim first asserted in an amended petition, so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence."[17] And those that took a more restrictive approach allowing "relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[18]

The Court then went on to reject the comprehensive definition and instead adopted a more restrictive definition that is "mindful of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on them.'"[19] The Court held that an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[20]

Of particular importance to the instant matter is that in *Mayle*, the Supreme Court sided with the Tenth Circuit's restrictive definition of "conduct, transaction, or occurrence" as set forth

---

[16] 545 U.S. at 656.

[17] *Id.*

[18] *Id.* at 657.

[19] *Id.* at 657 (quoting *United States v. Hicks*, 283 F.3d 380, 388 (C.A.D.C. 2002)).

[20] *Id.* at 650.

in *Untied States v. Espinoza-Saenz*.[21] In *Espinoza-Saenz* the defendant's supplemental motion to amend his 2255 petition was filed two months after the one year statute of limitations and raised new claims of ineffective assistance of counsel.[22] The *Espinoza-Saenz* court analyzed cases from other circuits that dealt with the intersection of Rule 15 and an untimely amendment to a 2255 petition.[23] Ultimately the Tenth Circuit adopted a restrictive approach. The court concluded that an untimely amendment may relate back if it "clarifies or amplifies a claim or theory" in the original motion.[24] The court held that the petitioner's motion to amend was untimely because it did not relate back to the original timely filed motion, where it raised completely new claims of ineffective assistance of counsel.[25]

Here, Petitioner sought to amend his 2255 petition on January 22, 2014, more than a year from both his original filing and the Government's response. During oral argument Petitioner argued that his filing was within the statute of limitations asserting that he did not learn of the new claims until February 2014 when the email was discovered.[26] The Court, however, is not convinced because each of Petitioner's new claims was readily discoverable during trial. For example, it would have been clear that a trial continuance was not granted and that trial counsel did not move for new counsel because there was no ruling on any such motion. Thus, the Court finds this case analogous to *Espinoza-Saenz*.

In *Espinoza-Saenz* the court specifically rejected new claims of ineffective assistance of counsel asserted after the expiration of the one-year limitations period under the Antiterrorism

---

[21] 235 F.3d 501 (10th Cir. 2000); *see Mayle*, 545 U.S. at 657 (citing to the more restrictive definition found in *Espinoza-Saenz*).

[22] *Id.* at 505.

[23] *Id.* at 504-505.

[24] *Id.*

[25] *Id.* at 505.

[26] Mtn. to amend p. 2.

5

and Effective Death Penalty Act of 1996 (AEDPA).  In doing so the court specifically noted the reasoning behind its holding was "because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing [and] to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period."[27]  Contrary to Petitioner's arguments, *Mayle* did not change this restricted approach to the intersection between Rule 15 and 2255 motions.  Instead the *Mayle* court specifically adopted a restricted approach that prohibited new claims "that differ in both time and type from those the original pleading set forth."[28]  Here, Petitioner raises new claims of ineffective assistance of counsel that were not filed in his original motion.  Further, they differ in time and the Court declines to allow an amendment under a broad umbrella of events related to trial.[29]  Accordingly, under *Mayle* and *Espinoza-Saenz* the relation back provision of Rule 15 cannot be applied to save Petitioner's new ineffective assistance of counsel claims.

Finally, the Court is not persuaded by Petitioner's remaining arguments including equitable tolling to permit the amendment.  The Court declines to overlook a "technical violation" of Rule 15 or adopt Petitioner's lenient Rule 15 standard as set forth in patent cases.[30]

---

[27] *Espinoza-Saenz,* 235 F.3d at 505.

[28] *Mayle*, 545 U.S. at 650.

[29] *Espinoza-Saenz,* 235 F.3d at 505.

[30] Petitioner cites to *Kimberly Clark Worldwide v. First Quality*, 757 F.Supp.2d 520 (M.D.Pa. 2010), the Court finds this case irrelevant because it does not deal with the intersection of Rule 15 and 2255.

## CONCLUSION AND ORDER

Based upon the foregoing reasons, the Court GRANTS the United States' Motion to Strike and DENIES Petitioner's Motion to Amend.

DATED this 27 March 2014.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge